UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

KLARA SHUSTER,
a/k/a "Klara Chrzuszcz,"

Defendant.

**CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/MONEY JUDGMENT**

26 Cr. 335 (JGK)

WHEREAS, on or about August 3, 2026, KLARA SHUSTER, a/k/a "Klara Chrzuszcz" (the "Defendant"), was charged in an Information, 26 Cr. ___ (JGK) (the "Information"), with conspiracy to commit smuggling, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to dispense a misbranded drug while held for sale with intent to defraud or mislead, in violation of Title 18, United States Code, Section 371 (Count Two); and dispensing a misbranded drug while held for sale with intent to defraud or mislead, in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2) (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any property that constitutes or is derived from any proceeds obtained, directly or indirectly, as a result of the commission of the offense charged in Count One of the Information, including but not limited to a sum of money representing the proceeds traceable to the offense alleged in Count One of the Information;

WHEREAS, on or about August 3, 2026, the Defendant pleaded guilty to Counts One, Two, and Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982, and Title 21, United States Code, Section 853: (i) a sum of money equal to $433,897.16 in United States currency,

representing property that constitutes or is derived from proceeds obtained, directly or indirectly, as a result of the commission of the offense alleged in Count One of the Information; and (ii) all right, title and interest of the Defendant in (a) the property that law enforcement officers seized from Klara Beauty Lab on or about October 15, 2025; (b) the property that law enforcement officers seized from the defendant's residence in New Jersey on or about October 15, 2025, including $287,985 in United States currency; and (c) all inbound packages seized by officers from the United States Customs and Border Protection during this investigation;

WHEREAS, the Defendant further consents to the forfeiture of all her right, title, and interest in the following property, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Information:

a. The following property seized from Klara Beauty Lab in Manhattan, New York, on or about October 15, 2025:

   i. Electronic devices, including the following:

      1. An Apple iMac, Model Number: A1418, Serial Number: C02XK3H0H7JY, with power cord, keyboard, and mouse;

      2. An Apple iPad, Model Number: A1893, Serial Number: F9FW5B44JF8K, with power cord;

      3. An Apple iMac, Model Number: A2438, Serial Number: H4TGM06YQ6W6, with power cord, keyboard, and mouse; and

      4. An Apple iPad, Model Number: A1893, Serial Number: F9FW5CW4JF8K;

   ii. Any and all medical supplies; and

   iii. Any and all medications and medical devices.

b. The following property seized from the defendant's residence located in New Milford, New Jersey, on or about October 15, 2025:

i. Electronic devices, including the following:

1. An Apple iPhone with a pink outer cover;

2. An Apple iPhone with a gold outer cover;

3. An Apple MacBook Air Silver, Model Number: A1466, Serial Number: C02JQ0MRDRVC;

4. An Apple MacBook Pro Silver in Case, Model Number: A1707, Serial Number: C02VT6TTHTD6;

5. A Sabine TeK Microphone;

6. A Sabine TeK Camera;

7. An Apple Mac Laptop Computer, Model Number: A3113, Serial Number: K02TK7M1VW, with charging cable; and

8. A plastic evidence envelope bag containing various media storage items to include hard drives, thumb drives, and older cellular devices;

ii. A total of approximately $287,985 in United States currency;

iii. Any and all medical supplies; and

iv. Any and all medications and medical devices.

c. Any and all mailed packages seized by the Government during this investigation that included medications, medical devices, and medical supplies, including:

i. A package seized by United States Customs and Border Protection ("CBP") on or about March 12, 2025, in connection with CBP Incident Number 2025SZ0047881, containing Bonetta devices; and

ii. A package seized by CBP on or about April 17, 2025, in connection with CBP Incident Number 2025SZ0060618, containing Liztox, Revolax, and Regenovue devices.

(a. through c., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney James M. McDonald, United States Attorney, Assistant United States Attorney Joseph H. Rosenberg, of counsel, and the Defendant and her counsel, Todd A. Spodek, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pleaded guilty, a money judgment in the amount of $433,897.16 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offence alleged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pleaded guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, KLARA SHUSTER, a/k/a "Klara Chrzuszcz," and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Customs and Border Protection, or its designee, the Office of Fines, Penalties, and Forfeiture, is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

*Intentionally blank*

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________ August 3, 2026
JOSEPH H. ROSENBERG DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2326

KLARA SHUSTER

By: ______________________ 08.03.26
KLARA SHUSTER DATE

By: ______________________ 8/3/26
TODD A. SPODEK, ESQ. DATE
Attorney for Defendant
233 Broadway, Suite 710
New York, New York 10279

SO ORDERED:

______________________ 8/3/26
HONORABLE JOHN G. KOELTL DATE
UNITED STATES DISTRICT JUDGE